## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| BIG RED, INC., *Plaintiff*, | § § § § | |
| vs. | § § | C.A. NO. _____ |
| MONROE MOTORS; and DON BOATWRIGHT, *Defendants*. | § § § § § | [JURY] |

## ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT/MAGISTRATE JUDGE:**

**COMES NOW PLAINTIFF,** BIG RED, INC., and complains of Defendants MONROE MOTORS, INC. and DON BOATWRIGHT (hereinafter sometimes collectively "Defendants"), and will respectfully show unto this Honorable Court as follows:

### I.

### JURISDICTION AND VENUE

1.01   This case falls within the diversity jurisdiction of this Court; the amount in controversy exceeds $75,000.00USD, and Plaintiff and Defendant are diverse in citizenship pursuant to 28 U.S.C. § 1332(a)(2).

1.02   The subject incident in which Plaintiff sustained the injuries and damages complained of herein occurred within this District and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## II.

## PARTIES

2.01    Plaintiff, BIG RED, INC. ["Plaintiff"], is a corporation duly organized, created, and existing pursuant to the laws of the State of South Carolina, with its principal office located in Berkeley County, South Carolina.

2.02    Defendant MONROE MOTORS, INC. ["MONROE MOTORS"] is, upon information and belief, a domestic corporation duly organized, created, and existing pursuant to the laws of the State of Texas, with its principal office located in Kemah, Texas. Defendant MONROE MOTORS does substantial business in Texas and the Southern District of Texas and, therefore, is subject to this Court's jurisdiction. Defendant MONROE MOTORS may be served with process through its registered agent: Lance Fox, 3535 Calder, Suite 310, Beaumont, Texas 77706.

2.03    Defendant DON BOATWRIGHT ["BOATWRIGHT"] is, upon information and belief, a natural person and resident of Washington County, Arkansas. Defendant BOATWRIGHT may be served with process at his residence, located at 1722 N. College Ave., Fayetteville, Arkansas 72703, or wherever he may be found.

## III.

## FACTS

3.01    Beginning on or about April 22, 2021, Defendants initiated a sales scheme designed to induce Plaintiff to purchase three (3) Taylor THDC975 container stackers[1] (collectively the "Units") that Defendant MONROE MOTORS was in possession of. On behalf of, and in concert

---

[1] Unit 27—Serial No. S-X2-34633 (28,348 engine hours), Unit 28—Serial No. S-X2-34635 (30955 engine hours), and Unit 29—Serial No. S-X2-34636 (30955 engine hours).

with Defendant MONROE MOTORS, Defendant BOATWRIGHT sent an email to Larry Jenkins, a representative of Plaintiff's, advertising the Units for sale and making certain affirmative representations as to their condition, warranty, and status. In his correspondence, Defendant BOATWRIGHT expressly represented the Units: (1) run well and are in good condition; (2) come with a 30-day drivetrain warranty; (3) have good tires; and (4) are already broken down for shipping. Defendant BOATWRIGHT also attached photographs of the Units to one of his email marketing solicitations to Plaintiff, depicting the Units as complete (not missing any parts), fully functional, and otherwise in conformity with the representations made to Plaintiff.

   3.02 At the time Defendants were marketing the Units to Plaintiff, Plaintiff's personnel were unable to travel to Houston (where the Units were located) to view the Units. This concern was communicated to Defendant MONROE MOTORS through its president, Scott Monroe, who affirmed and ratified the previous representations made by Defendant BOATWRIGHT in paragraph 3.01 above, and promised that Plaintiff could inspect the Units before taking delivery of same. Through Mr. Monroe, Defendant MONROE MOTORS emphasized that Plaintiff would not be disappointed with the Units because they were "very good machines in great running condition" and "just like the four machines [Plaintiff] previously purchased from Monroe Motors" in November 2018. As with the transaction forming the basis of this lawsuit, Defendant BOATWRIGHT acted as Defendant MONROE MOTORS' representative, agent, and/or broker in that 2018 transaction as well.

   3.03 Acting in reliance on such assurances, representations, and warranties, as well as the parties' prior course of dealing and relationship, Plaintiff submitted its offer to purchase all three (3) Units from Defendant MONROE MOTORS for $300,000.00, if Defendant MONROE MOTORS would agree to allow Plaintiff up to 90 days to take delivery in Houston. Later that

same day, Defendant MONROE MOTORS responded to Plaintiff (with Defendant MONROE MOTORS representatives Defendant BOATWRIGHT and Debbie Berry in copy), accepting Plaintiff's offer and informing Plaintiff that a purchase order/invoice would follow shortly. However, the purchase order/invoice delivered did not contain any payment provisions, and so Plaintiff contacted Defendant MONROE MOTORS and offered to immediately pay $100,000.00 as a deposit, and fund the remaining $200,000.00 balance within thirty (30) days, prior to Plaintiff taking delivery of the Units. Defendant MONROE MOTORS agreed to those payments terms, and added same to the purchase order/invoice, which was signed by Plaintiff on June 18, 2021 and returned to Defendant MONROE MOTORS, placing an order for the Units. In connection therewith, Plaintiff also delivered a $100,000.00 deposit to Defendant MONROE MOTORS.

    3.04    Pursuant to Defendant MONROE MOTORS' promise, on July 6, 2021, Plaintiff sent one of its out-of-state technicians to inspect the Units. Upon doing so, Plaintiff's technician discovered all three of the Units were in deplorable condition, missing parts, incomplete, not fully functional, and otherwise not as represented by Defendants. Specifically, none of the Units had useable tires; all of the Units were missing portions of their exhaust systems; and individual Units were missing batteries, H-beam plates and bolts, "pile slope fixed H-beam," tamper, U-joints and bolts, brake declutch pedal cover, mirrors, door glass, and a steer cylinder wiper ring. Additionally, the inspector discovered significant damaged and broken items, including but not limited to a cracked gooseneck on one Unit, nonfunctional gooseneck on a separate Unit, broken temperature gauges on all Units, cracked and damaged carriage, cracks in wear pads, damaged glass, damaged hydraulics, damaged spreader, drive-axle leaks, steering axle leaks, and lift cylinder leaks, among other findings.

3.05    Following the results of the agreed-upon inspection, and on the same day, Plaintiff sent an email to Defendant MONROE MOTORS (1) providing notice of the nonconformities and material defects in the Units, (2) informing Defendant MONROE MOTORS that Plaintiff was rejecting the Units and not taking delivery thereof, and (3) requesting immediate return of the $100,000.00 deposit.  Later that same day, Mr. Monroe, the president of Defendant MONROE MOTORS, responded, informing Plaintiff that he was out of the country and would respond upon his return.  On July 12, 2021, Defendant MONROE MOTORS responded to Plaintiff's July 6, 2021 email, asking Plaintiff to "[l]et me have a few days and get my head around this and see what we can do."

3.06    While awaiting response from Defendant MONROE MOTORS in regard to the foregoing, Plaintiff received a letter from Defendant MONROE MOTORS' general counsel, purporting to claim that Plaintiff was in default of the contract for failing to tender the $200,000.00 balance before July 18, 2021, and advising that Defendant MONROE MOTORS was retaining Plaintiff's $100,000.00 deposit.

## IV.

## CAUSES OF ACTION

**COUNT I:**    **COMMON-LAW FRAUD CLAIMS AGAINST DEFENDANT MONROE MOTORS**

4.01    Plaintiff adopts and incorporates, as though fully set forth herein verbatim, the facts and allegations contained in paragraphs 3.01—3.06 above.  Defendant MONROE MOTORS represented to Plaintiff on multiple occasions that the Units were in good working order and great running condition, along with other express representations as to the condition of the Units, including that the Units all had good tires.

4.02    Defendant MONROE MOTORS' representations to Plaintiff were material because the condition of the Units was an important factor to Plaintiff in making the decision to purchase them at the negotiated price.  If Plaintiff knew the true condition of the Units, which was significantly different and worse than represented, incomplete and missing necessary parts, and unfit for the intended use, Plaintiff would not have contracted with Defendant MONROE MOTORS to purchase the Units.

4.03    Defendant MONROE MOTORS' representations to Plaintiff were false statements of fact.  The condition of the Units was not as represented by Defendant MONROE MOTORS, and during the course of the transaction with Plaintiff, Defendant MONROE MOTORS knew the condition of the Units were not as represented.  Moreover, the Units themselves were incomplete units, and not as represented by Defendant MONROE MOTORS.  Defendant MONROE MOTORS knew the Units were incomplete during the course of the transaction with Plaintiff.  Defendant MONROE MOTORS made the false representations knowing they were false.

4.04    Defendant MONROE MOTORS had reason to expect Plaintiff would act in reliance on the false representations.  During the course of the sales transaction, Plaintiff sought assurances from Defendant MONROE MOTORS and Defendant BOATWRIGHT as to the condition of the Units, and Plaintiff was assured that the units were in good working order and great running condition.  Moreover, Plaintiff and Defendant MONROE MOTERS had a prior course of dealing, where Plaintiff purchased other equipment from Defendant MONROE MOTORS.  Defendant MONROE MOTORS assured Plaintiff that the Units were very good machines in great running condition and just like those Plaintiff had previously purchased from Defendant MONROE MOTORS.

4.05 Plaintiff justifiably relied on Defendant MONROE MOTORS' false representations when Plaintiff agreed to purchase the Units and provided Defendant MONROE MOTORS' with $100,000.00 deposit. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

**COUNT II:   COMMON-LAW FRAUD CLAIMS AGAINST DEFENDANT BOATWRIGHT**

4.06 Plaintiff adopts and incorporates, as though fully set forth herein verbatim, the facts and allegations contained in paragraphs 3.01—4.05 above. Defendant BOATWRIGHT served as the agent, employee, and/or broker of Defendant MONROE MOTORS. Defendant BOATWRIGHT marketed the Units to Plaintiff and brokered the sale of the Units to Plaintiff.

4.07 Defendant BOATWRIGHT represented to Plaintiff on multiple occasions that the Units were in good working order and great running condition, along with other express representations as to the condition of the Units, including that the Units all had good tires.

4.08 Defendant BOATWRIGHT's representations to Plaintiff were material because the condition of the Units was an important factor to Plaintiff in making the decision to purchase the Units at the negotiated price. If Plaintiff knew the true condition of the Units, which was significantly worse than represented, incomplete and missing necessary parts, and unfit for the intended use, Plaintiff would not have contracted with Defendant MONROE MOTORS to purchase the Units.

4.09 Defendant BOATWRIGHT's representations to Plaintiff were false statements of fact. The condition of the Units was not as represented by Defendant BOATWRIGHT, and Defendant BOATWRIGHT knew the condition of the Units were not as represented during the course of the transaction with Plaintiff. Moreover, the Units themselves were incomplete units, and not as represented by Defendant BOATWRIGHT. Defendant BOATWRIGHT knew the Units

were incomplete during the course of the transaction with Plaintiff. Defendant BOATWRIGHT made the false representations knowing they were false.

4.10   Defendant BOATWRIGHT had reason to expect Plaintiff would act in reliance on the false representations. During the course of the sales transaction, Plaintiff sought assurances from Defendant BOATWRIGHT as to the condition of the Units, and Plaintiff was assured that the units were in good working order and great running condition. Moreover, Plaintiff and Defendant BOATWRIGHT had a prior course of dealing, where Plaintiff purchased other equipment from Defendant MONROE MOTORS through its representative, agent, and/or broker, Defendant BOATWRIGHT. Defendant BOATWRIGHT assured Plaintiff that the Units were very good machines in great running condition and just like those Plaintiff had previously purchased through him from Defendant MONROE MOTORS.

4.11   Plaintiff justifiably relied on Defendant BOATWRIGHT's false representations when Plaintiff agreed to purchase the Units and provided Defendant MONROE MOTORS' with $100,000.00 down payment. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

**COUNT III:   BREACH OF CONTRACT CLAIM AGAINST DEFENDANT MONROE MOTORS**

4.12   Plaintiff adopts and incorporates, as though fully set forth herein verbatim, the facts and allegations contained in paragraphs 3.01—4.11 above. On June 18, 2021, Defendant MONROE MOTORS and Plaintiff executed a valid and enforceable written contract. The contract provided that Plaintiff would purchase three (3) Taylor THDC975 container stackers from Defendant MONROE MOTORS for $300,000.00.

4.13   Pursuant to agreement between the parties, Plaintiff paid to Defendant MONROE MOTORS $100,000.00 as a deposit, but when Plaintiff arrived to inspect the Units, found that

Defendant MONROE MOTORS was attempting to sell three (3) incomplete Taylor THDC975 units to Plaintiff, which in addition to not being full Taylor THDC975 units as represented by Defendant MONROE MOTORS, were in significantly deteriorated and unfit condition and not as advertised. Plaintiff did not accept delivery of the incomplete and unfit Units, and demanded Defendant MONROE MOTORS return Plaintiff's $100,000.00 deposit. Defendant MONROE MOTORS refused.

4.14   Defendant MONROE MOTORS breached the contract by failing to provide Plaintiff with three (3) Taylor THDC975 container stackers, and instead, attempted a bait-and-switch by substituting incomplete, inferior, and unfit units. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

4.15   Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this cause of action arises from Defendant MONROE MOTORS' breach of contract.

**COUNT III:   STATUTORY FRAUD CLAIM AGAINST DEFENDANT MONROE MOTORS**

4.16   Plaintiff adopts and incorporates, as though fully set forth herein verbatim, the facts and allegations contained in paragraphs 3.01—4.15 above.

4.17   Plaintiff and Defendant MONROE MOTORS were parties to a transaction involving the sale of goods; specifically, Plaintiff was attempting to purchase three (3) Taylor THDC975 container stackers from Defendant MONROE MOTORS. During the transaction, Defendant MONROE MOTORS made false representations of material fact to Plaintiff.

4.18   Defendant MONROE MOTORS made the false representations of material fact for the purpose of inducing Plaintiff to enter into a contract with Defendant MONROE MOTORS.

Plaintiff justifiably relied on Defendant MONROE MOTORS' false representations of material fact by entering into a contract with Defendant MONROE MOTORS.

4.19   Defendant MONROE MOTORS' false representations of material fact proximately caused injury to Plaintiff, which resulted in damages outlined below. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

4.20   Defendant MONROE MOTORS violated Texas Business & Commerce Code section 27.01, which in part forms the basis of this suit, with actual awareness of the falsity of Defendant MONROE MOTORS' representations, which entitles Plaintiff to exemplary damages under Tex. Bus. & Comm. Code § 27.01(c). Plaintiff is entitled to, and seeks to recover from Defendant MONROE MOTORS, reasonable and necessary attorney fees, expert-witness fees, court costs, and costs for copies of depositions under Tex. Bus. & Comm. Code § 27.01(e).

**COUNT IV:   FRAUD BY THIRD-PARTY MISREPRESENTATION CLAIM AGAINST DEFENDANT MONROE MOTORS**

4.21   Plaintiff adopts and incorporates, as though fully set forth herein verbatim, the facts and allegations contained in paragraphs 3.01—4.20 above.

4.22   Additionally, and/or in the alternative, Plaintiff and Defendant MONROE MOTORS were parties to a transaction involving the sale of goods. Specifically, as a result of solicitation initiated by Defendant BOATWRIGHT, Plaintiff was attempting to purchase three (3) Taylor THDC975 container stackers from Defendant MONROE MOTORS. During the transaction, Defendant BOATWRIGHT made false representations of fact to Plaintiff as outlined above, which were material to the transaction.

4.23   Defendant MONROE MOTORS had actual awareness that Defendant BOATWRIGHT's representations were false. Nevertheless, Defendant MONROE MOTORS did not disclose to Plaintiff the falsity of Defendant BOATWRIGHT's representations. The purpose

in Defendant MONROE MOTORS not disclosing the falsity of Defendant BOATWRIGHT's representations was to induce Plaintiff to enter into a contract with Defendant MONROE MOTORS.

4.24   Plaintiff justifiably relied on Defendant BOATWRIGHT's false representations of material fact by entering into a contract with Defendant MONROE MOTORS, and delivering to Defendant MONROE MOTORS a deposit in the amount of $100,000.00 on the contract. Defendant MONROE MOTORS benefited from Defendant BOATWRIGHT's false representations when Plaintiff was induced through such misrepresentations to enter into a contract with Defendant MONROE MOTORS and pay Defendant MONROE MOTORS $100,000.00.

4.25   Defendant MONROE MOTORS' nondisclosure of false representations made by Defendant BOATWRIGHT directly and proximately caused injury to Plaintiff, which resulted in damages outlined below.  Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

4.26   Defendant MONROE MOTORS had actual awareness of the falsity of the representations made by Defendant BOATWRIGHT, did not disclose the falsity to Plaintiff, and benefited from the falsity, which entitles Plaintiff to exemplary damages under Tex. Bus. & Comm. Code § 27.01(d).  Plaintiff is entitled to, and seeks to recover from Defendant MONROE MOTORS, reasonable and necessary attorney fees, expert-witness fees, court costs, and costs for copies of depositions under Tex. Bus. & Comm. Code § 27.01(e).

**COUNT V: FRAUD IN THE INDUCEMENT CLAIMS AGAINST DEFENDANT MONROE MOTORS AND DEFENDANT BOATWRIGHT**

4.27 Plaintiff adopts and incorporates, as though fully set forth herein verbatim, the facts and allegations contained in paragraphs 3.01—4.26 above.

4.28 Additionally, and/or in the alternative, Defendant MONROE MOTORS and Defendant BOATWRIGHT engaged in fraud in the inducement, and induced Plaintiff into the contract through the use of fraudulent misrepresentations. Specifically, Defendant MONROE MOTORS and Defendant BOATWRIGHT made material misrepresentations that were false regarding the goods being sold. Defendant MONROE MOTORS and Defendant BOATWRIGHT knew the representations were false when they were made. Defendant MONROE MOTORS and Defendant BOATWRIGHT intended to induce Plaintiff to act upon the representations, and Plaintiff actually and justifiably relied upon the representations and thereby suffered injury. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

**COUNT VI: UNJUST ENRICHMENT CLAIM AGAINST DEFENDANT MONROE MOTORS**

4.29 Plaintiff adopts and incorporates, as though fully set forth herein verbatim, the facts and allegations contained in paragraphs 3.01—4.28 above.

4.30 Additionally, and/or in the alternative, Defendant MONROE MOTORS was unjustly enriched by taking a benefit from Plaintiff through fraud, duress, or undue advantage.

**COUNT VII: MONEY HAD AND RECEIVED CLAIM AGAINST DEFENDANT MONROE MOTORS**

4.31 Plaintiff adopts and incorporates, as though fully set forth herein verbatim, the facts and allegations contained in paragraphs 3.01—4.30 above.

4.32 Additionally, and/or in the alternative, Defendant MONROE MOTORS holds money that, in equity and good conscience, belongs to Plaintiff. Induced by false and fraudulent

representations, Plaintiff paid to Defendant MONROE MOTORS $100,000.00 as a deposit on the purchase of three (3) Taylor THDC975 units.  After such deposit was made, and prior to accepting delivery of the Units, Plaintiff discovered that the goods Defendant MONROE MOTORS was attempting to sell Plaintiff were not Taylor THDC975 units, as each of the three (3) units was missing parts which are known to be component parts of Taylor THDC975 units.  Plaintiff demanded Defendant MONROE MOTORS return the $100,000.00 deposit, but Defendant MONROE MOTORS refused.

4.33    Plaintiff seeks liquidated damages in the amount of at least $100,000.00, which is within the jurisdictional limits of this Court.  Moreover, Plaintiff's injury resulted from Defendant MONROE MOTORS' malice or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## V.

## VICARIOUS LIABILITY

5.01    Alternatively, at the time of the events giving rise to this lawsuit, Defendant MONROE MOTORS had intentionally granted Defendant BOATWRIGHT the authority to act on Defendant MONROE MOTORS' behalf.  At the time of the events giving rise to this lawsuit, Defendant BOATWRIGHT was acting within the scope of the authority granted by Defendant MONROE MOTORS.

5.02    Alternatively, Defendant MONROE MOTORS had knowingly permitted the appearance that Defendant BOATWRIGHT was authorized to act on Defendant MONROE MOTORS' behalf, or otherwise acted with such a lack of ordinary care as to clothe Defendant BOATWRIGHT with the indicia of authority to act on Defendant MONROE MOTORS' behalf.

5.03    Defendant MONROE MOTORS' conduct caused Plaintiff to reasonably believe that Defendant BOATWRIGHT had authority to act on Defendant MONROE MOTORS' behalf. Plaintiff justifiably relied on Defendant BOATWRIGHT's authority to act on Defendant MONROE MOTORS' behalf.

## VI.

## DAMAGES

6.01    As a direct and proximate result of the conduct of Defendant MONORE MOTORS and Defendant BOATWRIGHT, Plaintiff has sustained damages in excess of $100,000.00 and within the jurisdictional limits of this Court.

6.02    Plaintiff seeks exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a) and Texas Business & Commerce Code §§ 27.01(c)-(d).

6.03    Plaintiff seeks recovery of all damages, including actual, consequential, and exemplary.

## VII.

## ATTORNEY'S FEES

7.01    Plaintiff seeks to recover reasonable and necessary attorney fees, expert-witness fees, court costs, and costs for copies of depositions under Texas Business & Commerce Code § 27.01(e) and Texas Civil Practice & Remedies Code chapter 38.

## VIII.

## INTEREST

8.01    Plaintiff seeks recovery of pre-judgment and post-judgment interest in accordance with law and equity as part of its damages herein.

## IX.

## JURY DEMAND

9.01    Plaintiff respectfully demands a jury trial.

## X.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, BIG RED, INC., respectfully prays that Defendants, MONROE MOTORS, INC. and DON BOATWRIGHT, be cited to appear and answer herein as the law dictates, and that upon final hearing hereof, that Plaintiff have and recover judgment of and from the Defendants, together with pre- and post-judgment interest as allowed by law, costs of Court, and all such other and further relief, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

GILMAN ❋ALLISON LLP

_/s/ Douglas T. Gilman_
Douglas T. Gilman
Texas Bar No. 24048496
Federal I.D. No. 19897
dgilman@gilmanallison.com
Brenton J. Allison
Texas Bar No. 24040417
Federal I.D. No. 36863
ballison@gilmanallison.com
Michael S. Prejean
Texas Bar No. 24092993
Federal I.D. No. 2513911
mprejean@gilmanallison.com
2005 Cullen Blvd.
Pearland, Texas  77581
Telephone:   (713) 224-6622
Facsimile:    (866) 543-3643

**ATTORNEYS FOR PLAINTIFF**